**Electronically Filed
Supreme Court
SCWC-19-0000107
30-SEP-2025
02:31 PM
Dkt. 33 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

MĀLAMA KĀKANILUA, an unincorporated association;
CLARE H. APANA; and KANILOA LANI KAMAUNU,
Petitioners/Plaintiffs-Appellants,

vs.

DIRECTOR OF THE DEPARTMENT OF PUBLIC WORKS,
COUNTY OF MAUI; and MAUI LANI PARTNERS, a domestic partnership,
Respondents/Defendants-Appellees.

SCWC-19-0000107

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000107; CASE NO. 2CC181000122)

SEPTEMBER 30, 2025

McKENNA, EDDINS, AND DEVENS, JJ.,
WITH GINOZA, J., DISSENTING AND CONCURRING,
WITH WHOM RECKTENWALD, C.J., JOINS

OPINION OF THE COURT BY DEVENS, J.

## I.  INTRODUCTION

The dispositive question raised in this appeal is whether a

motion for reconsideration filed pursuant to Hawaiʻi Rules of

Civil Procedure (HRCP) Rule 60(b)(6) (eff. 2006) is a "tolling motion" that extends the time to file a notice of appeal under Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(3) (eff. 2016). We answer in the affirmative.

This case arises from a dispute over the extension of a grading and grubbing permit by the Director of the Department of Public Works (Director), County of Maui (County) (collectively, County Respondents), issued to Maui Lani Partners (MLP). The permit was for excavation work at a residential development project that has ancestral Hawaiian burial sites.

In March 2018, Mālama Kakanilua, an unincorporated association, and its members, Clare H. Apana and Kaniloa Lani Kamaunu (collectively, Petitioners) filed an action challenging the validity of the permit extension against MLP and County Respondents in the Circuit Court of the Second Circuit (circuit court).

In April 2018, County Respondents and MLP each filed a motion to dismiss the case pursuant to HRCP Rule 12(b)(6) (eff. 2000). Petitioners filed a motion for summary judgment. Following a hearing on the motions, the circuit court granted County Respondents' and MLP's motions to dismiss the complaint on all counts without prejudice and consequently denied

Petitioners' motion for summary judgment.[1]  The circuit court entered final judgment on October 2, 2018.

On October 29, 2018, pursuant to HRCP Rule 60(b)(6), Petitioners filed a motion for reconsideration of the circuit court's grant of the motions to dismiss as to Count III and final judgment, which County Respondents and MLP opposed.

On January 25, 2019, the circuit court denied Petitioners' motion for reconsideration and awarded costs to MLP.

On February 23, 2019, Petitioners filed a notice of appeal with the Intermediate Court of Appeals (ICA) appealing the circuit court's orders granting MLP's bill of costs and denying Petitioners' motion for reconsideration and the final judgment of dismissal without prejudice.

In a Summary Disposition Order (SDO), the ICA affirmed the circuit court's charge of costs and the denial of Petitioners' motion for reconsideration.  However, determining that Petitioner's notice of appeal was untimely, the ICA did not reach the merits of Petitioners' appeal of the circuit court's dismissal of Petitioners' complaint.  The ICA applied the holdings from its prior decisions which treated an HRCP 60(b) motion as extending the deadline to file an appeal under HRAP Rule 4(a)(3) if the motion was filed within ten days of a

_____

[1]    The Honorable Joseph E. Cardoza presided.

judgment. Those ICA decisions construed an HRCP Rule 60(b) post-judgment motion as a timely HRCP Rule 59(e) motion when filed within ten days of a judgment. In this case, because Petitioners' motion for reconsideration was filed after the ten-day period, the ICA concluded that the motion did not "toll" the deadline to file a notice of appeal, rendering Petitioners' appeal untimely.

Petitioners ask this court to review for error whether Petitioners' motion for reconsideration filed pursuant to HRCP Rule 60(b) extended or "tolled" the time in which Petitioners could file a notice of appeal under HRAP Rule 4(a)(3). They argue that pursuant to HRAP Rule 4(a)(3), an HRCP Rule 60(b) motion for reconsideration is itself a "tolling motion" because it is made pursuant to a rule moving the court "to reconsider, alter or amend the judgment" and also specifies "the time by which the motion shall be filed[.]" They assert that HRCP Rule 60(b)'s allotted time in which to file a motion for reconsideration is specified as "within a reasonable time." Petitioners also argue that the ICA erred in affirming the circuit court's denial of their HRCP Rule 60(b)(6) motion for reconsideration.

On this record, we hold that the ICA erred in concluding that Petitioners' HRCP Rule 60(b) motion did not extend the time

to file a timely appeal under HRAP Rule 4(a)(3). HRAP Rule 4(a)(3) specifically provides that a motion to "reconsider" extends the time to file a notice of appeal until thirty days after an order disposing of the motion is entered. HRCP Rule 60(b) also specifies the time in which a motion filed under that rule must be filed as "within a reasonable time." And as HRCP Rule 60(b) also provides that the motion "does not affect the finality of a judgment or suspend its operation[,]" we hold that when a Rule 60(b) motion is filed "within a reasonable time" and prior to the deadline for a timely appeal as set forth by HRAP Rule 4(a)(1) (eff. 2016), the Rule 60(b) motion extends the time to appeal in accordance with HRAP Rule 4(a)(3). We also hold that the ICA did not err when it affirmed the circuit court's denial of Petitioners' motion for reconsideration.

## II. BACKGROUND

### A. Circuit Court Proceedings

#### 1. Petitioner's Complaint

Petitioners filed their complaint asserting three causes of action: injunctive relief (Count I), a quo warranto claim (Count II), and declaratory judgment (Count III).

Petitioners alleged that in September 2014, MLP had applied to County Respondents for a grading and grubbing permit, which would allow MLP to excavate ground material at its Phase IX site which was part of MLP's larger residential project located in

5

the County's Wailuku-Kahului Project District 1 (Maui Lani Project). Petitioners alleged that MLP had prepared an archaeological monitoring plan (AMP) for Phase IX of the Maui Lani Project recommending archaeological monitoring at the project site as highly warranted due to numerous primary burial features and secondarily deposited human skeletal remains within the Maui Lani landholdings. Petitioners further alleged that in November 2014, the State Historic Preservation Division (SHPD) accepted MLP's 2013 AMP; and in December 2014, County Respondents approved Grading Permit No. 20140191 (grading permit) for Maui Lani Phase IX, which was valid until December 8, 2017.

Petitioners alleged two relevant events took place in November 2017: (1) in a separate but related action, the circuit court entered a preliminary injunction on November 16, 2017, which halted ground disturbing activity unless Petitioners were notified forty eight hours in advance and their representative could be present to view the work; and (2) on November 20, 2017, County Respondents (a DPW administrator) granted MLP a one-year extension of the grading permit to December 8, 2018.

Petitioners further claimed that in January 2018, they wrote to the Director requesting recission of the grading permit extension. Petitioners alleged that in February 2018, the Director denied the rescission request after stating there was

good cause for the permit extension, and that SHPD had not
responded to the Director's July 2017 letter concerning MLP's
alleged non-compliance with the AMP.

In Count I of their complaint, Petitioners sought
injunctive relief against the Director's renewal of MLP's
grading permit for violation of Hawai'i Revised Statutes (HRS) §
6E-42 (2009 & Supp. 2015)[2] and Maui County Code (MCC) § 20.08.080

---

[2]     HRS § 6E-42 provides:

> (a)  Except as provided in section 6E-42.2, before any agency or officer of the State or its political subdivisions approves any project involving a permit, license, certificate, land use change, subdivision, or other entitlement for use, which may affect historic property, aviation artifacts, or a burial site, the agency or office shall advise the department and prior to any approval allow the department an opportunity for review and comment on the effect of the proposed project on historic properties, aviation artifacts, or burial sites, consistent with section 6E-43, including those listed in the Hawaii register of historic places.  If:

> > (1)  The proposed project consists of corridors or large land areas;

> > (2)  Access to properties is restricted; or

> > (3)  Circumstances dictate that construction be done in stages,

> the department's review and comment may be based on a phased review of the project; provided that there shall be a programmatic agreement between the department and the project applicant that identifies each phase and the estimated timelines for each phase.

> (b)  The department shall inform the public of any project proposals submitted to it under this section that are not otherwise subject to the requirement of a public hearing or other public notification.

> (c)  The department shall adopt rules in accordance with chapter 91 to implement this section.

HRS § 6E-42.

(2017),[3] which purportedly required SHPD's review and approval prior to the Director's extension of the grading permit's expiration date. In Count II, Petitioners sought a quo warranto order and judgment on the claim that the Director acted ultra vires and usurped the power of the Maui County Council when the Director granted the grading permit extension "in the absence of hardship or good cause." And in Count III, they sought a judicial declaration, in part, that the Director's extension of the grading permit exceeded the Director's authority.

**2.   County Respondents' Motion to Dismiss**

In April 2018, County Respondents filed a motion to dismiss Petitioners' complaint with prejudice pursuant to HRCP Rule 12(b)(6), (1) for failure to state a claim and lack of jurisdiction. As to Count I, County Respondents argued that Petitioners' application of HRS § 6E-42 and MCC § 20.08.080's requirement that the County consult with SHPD before the Director initially approved or denied a permit application did

---

[3]   MCC § 20.08.080 (2017) provided:

> Drainage, engineering slope hazard report, and erosion control plans shall be submitted to the applicable soil and water conservation district(s) and to the department of land and natural resources' state historic preservation division for review and comment. Final approval or disapproval by the County shall be made within ten days after receiving their comments.

MCC § 20.08.080. This ordinance was amended in 2018, adding further language on the agency's review of the proposed work.

not, as Petitioners contended, apply to the Director's extension of a permit's expiration date; and further, no other authority required the County to consult with SHPD when extending an existing grading permit.  County Respondents asserted that Count I should be dismissed based on a clear misstatement of the law and failure to identify an actual cause of action.

As to Count II, County Respondents argued that Petitioners' quo warranto/ultra vires claim could not stand where the Director acted within the scope of the County's enumerated powers; in this case, the Director had the power to extend existing grading permits "in cases of hardship or for good cause" pursuant to MCC § 20.08.110 (2017), a regulation passed by the Maui County Council under powers granted to the Director by the Maui County Charter and the State of Hawai'i.[4]  Because the Director's action could not, as a matter of law, be subject to quo warranto or an ultra vires action, County Respondents asserted, they asked that the court dismiss Count II.

Finally, County Respondents argued that Count III's request for declaratory relief corresponded to Petitioners' claims in Counts I and II, and therefore should also be dismissed.

In sum, County Respondents asked the circuit court to

---

[4]     MCC § 20.08.110 on permit expiration provided: "Every grubbing or grading permit shall expire and become null and void one year after the date of issuance.  However, the director may grant a time extension in cases of hardship or for good cause."  MCC § 20.08.110.

9

dismiss all counts with prejudice.

### 3. MLP's Motion to Dismiss

On April 4, 2018, MLP filed a motion to dismiss Petitioners' claims pursuant to HRCP Rule 12(b)(6), arguing many of the same points raised by the County Respondents in their motion to dismiss. MLP asserted that the entire complaint should be dismissed because (1) the relevant statutes, county code provisions, and legal theories offered by Petitioners did not support Petitioners' claims; (2) "law of the case" from the concurrent, related lawsuit, rendered the instant action "unnecessary"; and (3) since MLP had not conducted any activity at the site pursuant to a preliminary injunction entered in the related lawsuit, Petitioners' claim of imminent harm was baseless.[5]

As to Count I and its corresponding part of Count III, MLP echoed County Respondents' contention that there was no private right of action to bring a claim enforcing alleged violations of

---

[5] In support of its argument for dismissal of Count I, MLP's attached exhibits included SHPD's November 26, 2014 letter to the County's Department of Public Works (DPW) relating to SHPD's review of the grading permit, as well as MLP's 2013 AMP. MLP's 2013 AMP recommended archaeological monitoring at the Phase IX project site: "due to the numerous primary burial features and secondarily deposited human skeletal remains within the Maui Lani landholdings, archaeological monitoring is highly warranted." SHPD's letter indicated it had reviewed MLP's permit application and additional submitted information. SHPD accepted MLP's 2013 AMP and "concurred with the recommendation for archaeological monitoring based on the large number of human skeletal remains/burials encountered elsewhere in surrounding Maui Lani lands[.]" SHPD determined that "no historic properties would be affected by the proposed project so long as monitoring occurs pursuant to the approved plan."

the County's grading ordinances, as enforcement was at the County's discretion. Further, MLP asserted Count I should be dismissed for absence of law to support Petitioners' claim and a failure to alleged sufficient facts.

As to the dismissal of the Count II quo warranto claim, MLP argued that such a claim was improper in that Petitioners did not challenge the Director's authority to hold office, and "law of the case" foreclosed Petitioners' challenge of the Director's discretion to enforce the County's grading ordinances.

### 3.    Petitioners' Opposition to the Motions to Dismiss

Petitioners filed an opposition to County Respondents' and MLP's respective motions to dismiss. Petitioners reasserted that Count I sought injunctive relief against the Director for granting a grading permit extension in violation of HRS § 6E-42; and that Count III was based on the Director's alleged "acts in excess of his authority" when the Director granted the grading permit extension "in the absence of hardship or for 'good cause'" pursuant to MCC § 20.08.110. Petitioners clarified that their claims were "not against MLP's violations of a grading ordinance ([MCC] § 20.08.110), but [were] against the Director for acting in excess of the authority granted to him under the grading ordinance and usurping the power of the Maui County Council." Petitioners further asserted a right of action in their suit pursuant to HRS § 6E-13(b) (2009 & Supp. 2015), which

they argue provides for a person to bring an action in environmental court seeking a restraining order or injunctive relief against the State or its political subdivisions or another person where an alleged violation of HRS Chapter 6E has occurred.[6]

### 4.    Petitioners' Motion for Summary Judgment

Petitioners filed a motion for summary judgment on all the counts of their complaint, which County Respondents and MLP opposed.

### 5.    Hearing on the Motions, Order and Judgment

At the May 25, 2018 hearing on the motions to dismiss and the motion for summary judgment, the circuit court orally granted County Respondents and MLP's motions to dismiss Petitioners' complaint but without prejudice, rather than with prejudice, as had been requested by the parties. The circuit court then orally denied Petitioners' motion for summary judgment on the grounds that the complaint was being dismissed.

---

[6]    HRS § 6E-13(b)(2009 & Supp. 2015) provided:

> Any person may maintain an action in the [environmental court] having jurisdiction where the alleged violation occurred or is likely to occur for restraining orders or injunctive relief against the State, its political subdivisions, or any person upon a showing of irreparable injury, for the protection of an historic property or a burial site and the public trust therein from unauthorized or improper demolition, alteration, or transfer of the property or burial site.

HRS § 6E-13(b).

Due to the potential impact of the court's ruling on the related litigation, in its July 24, 2018 Order Granting Defendants' Motions to Dismiss Without Prejudice, the circuit court ordered the complaint dismissed without prejudice. The circuit court found no regulatory or statutory authority (including HRS § 6E-42 and/or MCC § 20.08.080) requiring the Director consult with or receive input from SHPD on grading permit extensions; therefore, Petitioners had failed to state a claim in Count I. As to Count II, which alleged the Director exceeded his authority in extending the grading permit's expiration date, the circuit court found that "the Director was exercising his express discretionary authority, as provided under the law, and did not exceed that authority." Therefore, the circuit court determined that Count II did not present a viable quo warranto cause of action. The circuit court also dismissed Count III, "as the conclusory allegations in Counts I and II do not entitle [Petitioners] to [the] declaratory relief requested."

On October 2, 2018, the circuit court entered its judgment of dismissal without prejudice.[7]

---

[7] On October 17, 2018, MLP filed a bill of costs, which Petitioners opposed.

13

### 5. Petitioners' HRCP Rule 60(b)(6) Motion for Reconsideration

On October 29, 2018, Petitioners filed a motion styled "Plaintiffs' Motion for Reconsideration and Relief From Judgment." They asked the circuit court "for reconsideration of its Order of Dismissal filed July 24, 2018 and Final Judgment filed, October 2, 2018, pursuant to Rule 60(b) of the Hawaiʻi Rules of Civil Procedure and Rule 7 of the Rules of the Circuit Court of Hawaiʻi." (Emphasis added.) Petitioners alleged there was new law which supported a new argument, which could not have been presented during the earlier adjudicated motion.

As to the alleged new law enabling their new argument against the court's grant of defendants' motions to dismiss, Petitioners submitted the then-recent publication of this court's opinion (dated October 9, 2018, as corrected October 15, 2018) in Bank of America v. Reyes-Toledo (Reyes-Toledo II), 143 Hawaiʻi 249, 428 P.3d 761 (2018) as justifying relief from the operation of the circuit court's final judgment. Specifically, Petitioners claimed that the motions to dismiss relied upon the ICA's decision in Pavsek v. Sandvold, 127 Hawaiʻi 390, 279 P.3d 55 (App. 2012) as well as federal case law, in requesting that the circuit court apply the "plausibility" pleading standard in reviewing Petitioners' complaint. Petitioners asserted that the circuit court's dismissal did not, but should now take into

14

consideration Reyes-Toledo II, as the decision abrogated Pavsek, and expressly rejected the "plausibility" pleading standard, and reaffirmed the "well-established" notice pleading standard of our jurisdiction.  Petitioners asked the circuit court "to reconsider" its prior decision based on the new law and vacate its order dismissing Count III and its final judgment.

County Respondents and MLP filed oppositions to Petitioners' motion for reconsideration.  The parties generally contended, first, that this court's decision in Reyes-Toledo II clarified and reiterated Hawaiʻi's use of the notice pleading standard, and did not articulate new law; and second, that the circuit court's reasoning in dismissing Petitioners' complaint, including Count III, was consistent with the application of Reyes-Toledo II's notice pleading standard.

**6.    Circuit Court Denies Petitioners' Rule 60(b)(6) Motion**

On January 25, 2019, the circuit court entered an order denying Petitioner's HRCP Rule 60(b)(6) motion for reconsideration.  The circuit court noted that Petitioners were asserting that the circuit court had erroneously "applied the 'plausibility' standard instead of the appropriate 'notice pleading' standard" in dismissing Count III.  In denying Petitioners' motion for reconsideration, the circuit court stated:

> Although the original motion to dismiss was based, in part,

15

> on [Pavsek], in dismissing Counts I and II, the [circuit court] determined that these counts were not supported by any "regulatory or statutory authority." The [circuit court] acknowledged that all well-pleaded facts were to be accepted as true, but that the [circuit court] was not required to accept conclusory allegations on the legal effect of the events alleged. Count III requested declaratory relief based on the conclusory allegations contained in Counts I and II. Thus, Count III was dismissed without prejudice. In dismissing Count III without prejudice, the [circuit court] applied the "notice pleading" standard that the [Reyes-Toledo II] court reaffirmed has been the [Hawai'i] standard for seventy years, i.e., the liberal "notice pleading" standard.

The same day, the circuit court entered an order awarding MLP its costs.

**B.    ICA Proceedings**

On February 23, 2019, Petitioners filed a notice of appeal with the ICA. Petitioners appealed the circuit court's orders awarding costs to MLP and denying Petitioner's motion for reconsideration, and the judgment of dismissal of Petitioners' complaint without prejudice.

**1.    Petitioners' Opening Brief**

Petitioners raised three points of error in their opening brief, two of which are relevant here.

Petitioners argued the circuit court erred in dismissing Count I of their complaint, based upon the court's conclusion that the Director was not required to consult SHPD before "reissuing" MLP's grading permit. Petitioners maintained that the Director's action violated the constitutional protections of Petitioners' traditional and customary practices.

16

Petitioners also asserted that the circuit court erred in denying their motion to reconsider the court's dismissal of Count III. Counts II and III, Petitioners noted, "held in common the allegation that no 'good cause' existed to authorize the Director's extension of MLP's grading permit" pursuant to MCC § 20.08.110. Petitioners argued that the circuit court erred in failing to apply the correct standard of review in deciding the HRCP Rule 12(b)(6) motions of dismissal of Counts II and III, and in basing its dismissal on the complaint's "conclusory allegations on the legal effect of the events alleged" in Counts I and II without specifying "which facts constituted 'conclusory allegations' as to Count III." Instead, Petitioners contended, Count III stated a claim and gave adequate notice to withstand dismissal; they asserted that their complaint met the notice standard of pleading pursuant to HRCP Rule 8(a)(1) (eff. 2000) in setting forth all that was required: "a short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for relief.

Thus, Petitioners maintained that the circuit court should have granted their motion for reconsideration.

### 2. County Respondents' Answering Brief

In their answering brief, County Respondents argued, in relevant part, that the circuit court properly dismissed Petitioners' Count I claim, as HRS § 6E-42 and the county code

17

did not require the Director to consult with SHPD before extending the grading permit. County Respondents contended that MCC § 20.08.110 "provides the Director with the discretion to grant or deny time extensions based on good cause and/or hardship, without setting forth any further procedure."

In response to Petitioners' final point of error, County Respondents observed that Petitioners' focus on the circuit court's denial of their HRCP Rule 60(b)(6) motion for reconsideration was a framework in which Petitioners primarily raised arguments against the circuit court's grant of the HRCP Rule 12(b)(6) motions to dismiss. County Respondents asserted that the circuit court did not err in dismissing Petitioners' Count II quo warranto claim and the corresponding parts of Count III because Petitioners pled no facts which rendered the Director's discretionary acts as ultra vires. County Respondents further argued that Petitioners' HRCP Rule 60(b)(6) motion for reconsideration was not properly before the circuit court due to Petitioners' failure to raise new law or new argument in their motion.

### 3. MLP's Answering Brief

MLP's answering brief, in relevant part, asserted that the circuit court properly applied the notice pleading standard when the court dismissed Count III; and did not err in denying Petitioners' HRCP Rule 60(b)(6) motion for reconsideration on

18

that count.  As the County Respondents had asserted, MLP also argued that Reyes-Toledo II was not new argument or new law to support an HRCP Rule 60(b)(6) motion, because that decision upheld the long-standing "notice pleading" standard in Hawai'i. And Count III, MLP argued, was dismissed because there was no viable cause of action in Counts I and II, and Petitioners' "conclusory allegations did not entitle [Petitioners] to relief."

### 4.  Petitioners' Reply Briefs

In their reply briefs, Petitioners reiterated that the Maui County Code required the Director to conform to HRS Chapter 6E's requirements, giving Count I of Petitioners' complaint a basis in law (citing HRS § 6E-42 and MCC § 19.500.080 (2017));[8] and that Petitioners pled sufficient facts regarding the good cause requirement for the Director to approve the grading permit

---

[8]    MCC § 19.500.080 (2017) provides:

> The director of public works shall determine whether applications for grading, electrical, plumbing, sign, and other construction and development permits issued by the director conform to requirements of this title, chapter 6E of the Hawaii Revised Statutes, and any other development regulation or law of the county or the State of Hawaii.  No grading, electrical, plumbing, sign, or other construction or development permit shall be issued unless the director of public works or the director's authorized representative certifies that the construction or development being requested by the application conforms to the provisions of this title.

MCC § 19.500.080.

19

extension under MCC § 20.08.110 to sustain Count II's quo warranto claim.

### 5.    ICA's Summary Disposition Order

The ICA issued its decision on March 15, 2024, affirming the circuit court's orders and final judgment, concluding in relevant part that the ICA did not have appellate jurisdiction over Petitioners' appeal of the circuit court's judgment dismissing the complaint.  Mālama Kakanilua v. Dir. of the Dep't of Pub. Works, No. CAAP-19-0000107, 2024 WL 1134051, at *2-5 (Haw. App. Mar. 15, 2024) (SDO).  The ICA determined that Petitioners' appeal was untimely, since it was filed well after HRAP Rule 4(a)(1)'s thirty-day deadline, and Petitioners' HRCP Rule 60(b)(6) motion did not "toll" the deadline for the time to appeal because it was not filed within ten days of the final judgment.  Id. at *3.  And as to Petitioners' appeal of the circuit court's denial of their HRCP Rule 60(b)(6) motion, the ICA determined the circuit court did not abuse its discretion, and thus affirmed the circuit court.[9]  Id. at *4-5.

---

[9]    We note that the ICA correctly stated our requirement that "[a] party seeking relief under HRCP Rule 60(b)(6) after the time for appeal has run must establish the existence of 'extraordinary circumstances' that prevented or rendered them unable to prosecute an appeal."  Id. at *5, citing Hawaiʻi Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 148-49, 883 P.2d 65, 69-70 (1994) (emphasis added).  However, the ICA misapplied the "extraordinary circumstances" standard to the facts of this case, as Petitioners filed their HRCP Rule 60(b) motion before the time for appeal had run.  See also In re Hana Ranch Co., 3 Haw. App. 141, 147, 642 P.2d 938, 942 (1982).

We accepted Petitioners' application for writ of certiorari and held oral argument in this matter.

### III. STANDARDS OF REVIEW

### A. Interpretation of Court Rules

We review the interpretation of a court rule de novo. State v. Choy Foo, 142 Hawai'i 65, 72, 414 P.3d 117, 124 (2018) (citing Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009)). And "[w]hen interpreting rules promulgated by the court, principles of statutory construction apply." Gap v. Puna Geothermal Venture, 106 Hawai'i 325, 331, 104 P.3d 912, 918 (2004) (citation and internal quotation marks omitted).

### B. HRCP Rule 60(b)(6) Orders

Having a "very large measure of discretion," a trial court's ruling on an HRCP Rule 60(b) motion "will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion." James B. Nutter & Company v. Namahoe, 153 Hawai'i 149, 161, 528 P.3d 222, 234 (2023) (cleaned up).

21

## IV. DISCUSSION

**A. An HRCP Rule 60(b) motion for reconsideration is a "tolling motion" pursuant to HRAP Rule 4(a)(3) and extends the deadline under HRAP Rule 4(a)(1) to file a notice of appeal.**

Petitioners assert that the ICA gravely erred in holding that Petitioners' HRCP Rule 60(b)(6) motion for reconsideration, filed twenty-seven days after the circuit court entered final judgment, did not "toll" or extend the time to file an appeal pursuant to HRAP Rule 4(a)(3).

MLP and County Respondents counter that HRCP Rule 60(b) motions are not "tolling motions" but may be construed as HRCP Rule 59 motions for purposes of triggering the extension of time to file an appeal under HRAP Rule 4(a)(3) <u>if</u> the HRCP Rule 60(b) motion is filed within ten days of the entry of judgment.

We agree with Petitioners.

This court's policy favors hearing cases on the merits whenever possible, including on appeal. <u>Alexander & Baldwin, LLC v. Armitage</u>, 151 Hawaiʻi 37, 54, 508 P.3d 832, 849 (2022). The history of our case law indicates that the underlying purpose of the ICA's treatment of HRCP Rule 60(b) motions as HRCP Rule 59(e) motions, when such motions were filed within ten days of a judgment, was to prevent harsh results, expand a party's access to justice, and have their case reviewed on the merits. This was important when HRAP Rule 4(a)(4) (eff. 1984)

22

specifically listed which rules, delineated by rule number, provided for motions that could extend or "toll" the time to appeal.  HRCP Rule 60(b) was not one of those rules listed.  But HRAP Rule 4(a)(4) and its descendant HRAP Rule 4(a)(3) have been amended over time.  The 1999 amendment of HRAP Rule 4(a), relevantly, eliminated the list of specific rule numbers and instead designated post-judgment "tolling" motions by describing their substance, which now included motions that "[seek] to reconsider, vacate, or alter the judgment, or [seek] attorney's fees or costs."[10]  HRAP Rule 4(a)(3) (eff. 2000) (emphasis added).  Thus, construing an HRCP Rule 60(b) motion for reconsideration as another type of motion (e.g. an HRCP Rule 59(e) motion) in order to bring it under HRAP Rule 4(a)(3)'s "tolling" clause is no longer required given HRAP Rule 4(a)'s amendment and this court's case law, which has long recognized that a valid motion for reconsideration can be filed pursuant to HRCP Rule 60(b).

Based upon our reading of the plain language of the applicable rules, and for the following reasons, we hold that an HRCP Rule 60(b) motion for reconsideration extends the deadline

---

[10]    The 2006 amendment added further substantive post-judgment motions to HRAP Rule 4(a)(3)'s definition of "tolling motions": a motion for judgment as a matter of law; a motion to amend findings or make additional findings; and a motion for new trial.  HRAP Rule 4(a)(3) (eff. 2006).  The amendment removed motions to vacate from the list of qualifying "tolling" motions.  Id.

and time to file a notice of appeal pursuant to HRAP Rule 4(a)(3) "until 30 days after entry of an order disposing of the [post-judgment] motion." HRAP Rule 4(a)(3). And reading these rules in pari materia, we hold that in order for an HRCP Rule 60(b) motion to extend or "toll" the time to appeal, it must be filed by the deadline for appeal pursuant to HRAP Rule 4(a)(1).

1. **HRCP Rule 60(b) specifies the time by which a motion under the rule shall be filed as "within a reasonable time," triggering an HRAP Rule 4(a)(3) extension of time to file a notice of appeal.**

HRAP Rule 4(a)(3) currently provides in relevant part:

> If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to **reconsider**, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules **specify the time** by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion. The presiding court or agency in which the motion was filed shall dispose of any such post-judgment motion by entering an order upon the record within 90 days after the date the motion was filed. If the court or agency fails to enter an order on the record, then, within 5 days after the 90th day, the clerk of the relevant court or agency shall notify the parties that, by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity.

HRAP Rule 4(a)(3) (emphases added).

HRCP Rule 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (6) any other reason [not subsections (1)-(5)] justifying relief from the operation of the judgment. The motion shall be made **within a reasonable time**, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to

24

>           relieve a party from a judgment, order, or proceeding, or
>           to set aside a judgment for fraud upon the court.

HRCP Rule 60(b) (emphases added).

The ICA in the instant case relied primarily on its prior decisions interpreting the interplay between HRCP Rule 60(b), HRCP Rule 59(e), and HRAP Rule 4(a)(3), with a history rooted in the principle of preventing harsh results, enabling access to justice and removing barriers arising from a party's procedural issues, to obtain an appellate review on the merits.  In its decision, the ICA cited to its interpretation of HRAP Rule 4(a)(4) in Simbajon v. Gentry, 81 Hawai'i 193, 914 P.2d 1386 (App. 1996), which followed the ICA's decision in Simpson v. Department of Land & Natural Resources, in construing and transforming an HRCP Rule 60(b) post-judgment motion into an HRCP Rule 59(e) motion for purposes of "tolling" the time to appeal under HRAP Rule 4(a).  Simpson, 8 Haw. App. 16, 21, 791 P.2d 1267, 1271 (App. 1990), (overruled on other grounds by Kaniakapupu v. Land Use Comm'n, 111 Hawai'i 124, 139 P.3d 712 (2006)).  In Simbajon, the ICA held that plaintiffs had timely filed their notice of appeal because (following Simpson) "the motion for reconsideration of the dismissal order tolled the 30-day limitations period and thus extended the time to file the notice of appeal under HRAP Rule 4(a)(4)."  81 Hawai'i at 196, 914 P.2d at 1389.

25

At the time <u>Simbajon</u> and <u>Simpson</u> were decided, HRAP Rule 4(a)(4) specifically designated only HRCP Rules 50(b), 52(b), 59, and Hawaiʻi Family Court Rules (HFCR) Rule 59 motions as providing that "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion."  Under HRCP Rule 60(b), Simpson had filed a motion for reconsideration of the circuit court's order granting the agency's motion to dismiss.  <u>Id.</u>  Despite HRAP Rule 4(a)(4) not enumerating HRCP Rule 60(b) as a "tolling motion," the ICA determined that "Simpson's motion may be treated as a motion under HRCP Rule 59(e)" to count as a "tolling motion," thus extending Simpson's time to appeal.  <u>Id.</u> at 21-22, 791 P.2d at 1271-72.

Citing to <u>Simpson</u>, the ICA subsequently stated in <u>Lambert v. Lua</u> that a "HRCP Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order, but only if the motion is served and filed within ten (10) days after the judgment is entered."  92 Hawaiʻi 228, 234, 990 P.2d 126, 132 (App. 1999).

The ICA has continued to interpret and treat an HRCP Rule 60(b) motion filed within ten days of judgment as a "tolling motion" under various amended iterations of HRAP Rule 4(a).  <u>See</u>, <u>e.g.</u>, <u>Citicorp Mortg., Inc. v. Bartolome</u>, 94 Hawaiʻi 422, 430, 16 P.3d 827, 835 (App. 2000) (reasserting that an HRCP Rule

26

60(b) motion may be treated as an HRCP Rule 59(e) motion for purposes of HRAP Rule (4)(a)(3) tolling if made within ten days of the entry of judgment); Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua, No. 26129, 2006 WL 1109763, at *2-3 (Haw. App. April 27, 2006) (SDO) (affirming appellate jurisdiction on the basis that "[a] HRCP Rule 60 motion filed within 10 days after entry of the judgment is treated as a motion to alter the judgment and extends the time for appealing the judgment."); and Mendez v. Mendez, No. CAAP-14-0000388, 2015 WL 233271, at *1 (Haw. App. January 16, 2015) (SDO) (holding that because appellant's motion for reconsideration "was not filed within ten days of the Divorce Decree, [the motion] could only be considered pursuant to HFCR Rule 60(b), and thus was not a timely tolling motion.").

MLP and County Respondents argue that this court has cited approvingly to the ICA's decisions treating an HRCP Rule 60(b) motion as a "tolling motion" under HRAP Rule 4(a)(3) when filed within ten days of a judgment. However, we have not expressly addressed this issue. For example, in Association of Condominium Homeowners of Tropics at Waikele v. Sakuma, whether an HRCP Rule 60(b) motion extended the time to file an appeal pursuant to HRAP Rule 4(a)(3) was not an issue before this court. 131 Hawai'i 254, 318 P.3d 94 (2013) (superseded by the 2016 amendment to HRAP Rule 4(a)(3), on other grounds). That

27

case involved a timely filed HRCP Rule 59 motion and presented this court with the issue of when HRAP Rule 4(a)(3) tolling would end, thus starting the thirty-day period for a timely appeal, in the absence of a court order disposing of the Rule 59 motion.  Id. at 256, 318 P.3d at 96.

In Deutsche Bank National Trust Co. v. Amasol, Justice Nakayama, concurring in part with the majority, stated as dicta in a footnote that "[b]ecause HRCP Rule 60(b) motions are not tolling motions, HRAP Rule 4(a)(3) does not apply[.]"  135 Hawai'i 357, 360 n.1, 351 P.3d 584, 587 n.1 (2015) (Nakayama, J., concurring in part and dissenting in part).  In as much as the dissent there agreed with the majority that HRAP Rule 4(a)(3) did not apply to the Amasol case, whether HRCP Rule 60(b) "tolled" the time for appeal under HRAP Rule 4(a)(3) was not an issue in that appeal.

At the time of Sakuma and Amasol, HRAP Rule 4(a)(3) (eff. 2015) provided in relevant part that if a party "files a timely motion . . . to reconsider, alter or amend the judgment or order, . . . the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]"  HRAP Rule 4(a)(3) (emphasis added).  With the 2016 amendment, again, HRAP Rule 4(a)(3)'s phrase designates so-called "tolling" motions as those made pursuant to a rule that "specif[ies] the time by which the motion shall be filed[.]"

28

Whether HRCP Rule 60(b) "tolled" the time to appeal was not at issue in Cole v. City & Cnty. of Honolulu (In re Cole), a case in which this court interpreted HRAP Rule 4(a)(3)'s "third clause" as addressing "the situation where the court fails to enter an order by the 90th day." 154 Hawaiʻi 28, 31, 543 P.3d 460, 463 (2024). We noted that the rule's "first two clauses are plain," setting forth that a party has thirty days to file an appeal after entry of a circuit court's order on a post-judgment motion, and that the circuit court must dispose of that post-judgment motion within ninety days after it is filed. Id. But we did not interpret the rule's "tolling" clause that requires such a rule providing for the filing of a motion "specify the time by which the motion shall be filed" in order to trigger HRAP Rule 4(a)(3)'s extension of time to appeal. HRAP Rule 4(a)(3).

We do so now. Here, plainly read, HRAP Rule 4(a)(3) does not require that a rule providing for the filing of a post-judgment motion designate an enumerated time period in days, months, or years in order to qualify as "specify[ing] a time by which the motion" is timely. The rule simply requires that a post-judgment motion's rule "specify a time" by which that motion is deemed timely. The relevant focus and important term is "time," and whether a rule expresses a time period that makes a motion timely. We observe a clear distinction in our post-

29

judgment rules between those that designate a period of time where the motion is timely and those which do not.  For example, HRCP Rule 54(d), which provides for requests of costs and attorneys' fees, does not specify any time by which such a request must be filed.

To the extent that our past affirmations of the ICA's construal of a motion filed pursuant to HRCP Rule 60(b) as a tolling motion when filed within the ten-day deadline of HRCP Rule 59(e) conflict with our holding in this opinion, they are overruled.  We hold that HRCP Rule 60(b)'s "within a reasonable time" designation specifies the time for filing a timely motion to reconsider a judgment.[11]  And this meets HRAP Rule 4(a)(3)'s requirement to trigger an extension of time by which to file a notice of appeal.

The dissent concludes that an HRCP Rule 60(b) motion is not a "tolling motion" because it is not a motion for reconsideration in name and does not specify a time in which such motion shall be filed.  The dissent focuses on the title of HRCP Rule 60 as providing for motions for "relief from judgment or order."  While we have noted that "the HRCP do not expressly

_____

[11]     We also include HFCR Rule 60(b), which requires "[t]he motion shall be made within a reasonable time," and Hawaiʻi Probate Rules (HPR) Rule 36(b), requiring the "petition shall be made within a reasonable time," as triggering HRAP Rule 4(a)(3)'s extension of time to appeal under the provisions of this opinion.

afford a party the right to file a motion for reconsideration," we have nonetheless recognized for over two-and-a-half decades that a motion for reconsideration can be filed pursuant to HRCP 60 (motion for relief from judgment or order).[12] Cho v. State, 115 Hawaiʻi 373, 382, 168 P.3d 17, 26 (2007) (cleaned up) (emphasis added); see also, Soderlund v. Admin. Dir. of the Courts, 96 Hawaiʻi 114, 119, 26 P.3d 1214, 1219 (2001); Bank of Hawaii v. Kunimoto, 91 Hawaiʻi 372, 374 n.1, 984 P.2d 1198, 1200 (1999).

The holdings of this court make clear that a motion filed under HRCP Rule 60 can be considered as a motion for reconsideration. Although the plain language of HRCP Rule 60 does not contain a ten-day deadline for timeliness, the cases relied upon by the dissent graft HRCP Rule 59's ten-day deadline into HRCP Rule 60 for purposes of HRAP Rule 4(a)(3) "tolling." However, HRCP Rule 60 already has its own specified time for timely motions, i.e., "within a reasonable time."

In the instant case, Petitioners' motion asked the circuit court to reconsider its order dismissing their complaint and the court's final judgment, and sought vacatur as relief.

---

[12]     We noted in Cho that HRAP Rule 40(a) is titled as providing for a "motion for reconsideration," and HFCR Rule 59(b) provides for "New trials; reconsideration or amendment of judgment and orders." HRAP Rule 40(a); HFCR Rule 59(b). 115 Hawaiʻi at 382, 168 P.3d at 26.

Petitioners titled their motion "Plaintiffs' Motion for Reconsideration and Relief From Judgment," and stated that the motion was being brought not only pursuant to HRCP Rule 60(b), but also under Rule 7 of the Rules of the Circuit Courts of the State of Hawai'i, which requires a movant to state the grounds for the motion and to set forth the relief sought. (Emphasis added.) At the very beginning of the motion, Petitioners clearly stated that they were moving for "reconsideration." They then cited case law explaining that the purpose of a motion for reconsideration is to raise new evidence and/or argument which could not have been presented during the earlier adjudicated motion and not to relitigate old matters. Petitioners thereafter offered the then-recent publication of Reyes-Toledo II as purported new law, providing new argument about the pleading standard that Petitioners alleged the circuit court did not apply in reviewing the defendants' HRCP Rule 12(b)(6) motions to dismiss. Finally, Petitioners asked the circuit court, upon reconsideration of its judgment, to vacate its order dismissing the suit without prejudice.

As held by this court, a motion for reconsideration can be filed pursuant to HRCP Rule 60. A post-judgment motion under HRCP Rule 60(b) is timely if filed within a reasonable time. Thus, under the plain language and plain meaning of HRAP Rule 4(a)(3), which specifically refers to a motion "to reconsider"

as a post-judgment motion that extends the time to appeal, we hold that an HRCP Rule 60(b) motion independently, and without need to construe it as an HRCP Rule 59(e) motion, qualifies as a motion extending the time to file an appeal.

2.  **An HRCP Rule 60(b) motion may extend the deadline to file a notice of appeal under HRAP Rule 4(a)(3) if filed within thirty days after judgment pursuant to HRAP Rule 4(a)(1).**

HRCP Rule 60(b) expressly provides that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."  HRCP Rule 60(b).  Respondent parties have expressed concern with respect to the importance of the finality of a decision, given that HRCP Rule 60(b)(4), (5), and (6) motions may be made "within a reasonable time," which may exceed the year deadline that limits timely motions brought under HRCP Rule 60(b)(1), (2), & (3).[13]  Id.  The concern is valid and not lost on this court, as HRCP Rule 60(b) provides an important avenue for a party to request a court's reconsideration of a judgment, sometimes years after that judgment was entered.  In each case, the assessment of what constitutes "a reasonable time" for the timeliness of a Rule 60(b) motion is determined and based on the facts and circumstances unique to each case.

---

[13]    This sentence of HRCP Rule 60(b) states, "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

In James B. Nutter & Company v. Namahoe, this court discussed how the specific circumstances of a case should be weighed in determining whether an HRCP Rule 60(b)(6) motion for reconsideration, filed years after judgment had been entered, was made "within a reasonable time" so as to make that motion timely.  This court stated:

> [o]ur case law sets a high bar.  In Uyehara, Uyehara filed his Rule 60(b) motion over three-and-a-half years after the entry of the order.  Uyehara claimed that his delay in filing was "not unreasonable because, throughout this period, [Uyehara] was attempting to obtain counsel."  This court concluded, however, that "even under the more relaxed time limitations of HRCP Rule 60(b)(6), it is unreasonable for Uyehara to claim that three and one-half years is a reasonable time expenditure for obtaining an attorney." [S]ee Aiona v. Wing Sing Wo Co., 45 Haw. 427, 432, 368 P.2d 879, 882 (1962) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.")
>
> Here, Namahoe has demonstrated extraordinary circumstances that would justify waiting more than three years from the filing of the Decree of Foreclosure — and more than two years from the filing of the Order Confirming Sale — to file his Rule 60(b) motion.  Namahoe recounted that he had "no memory of being served or signing a paper that I was served," and that he was receiving care for an illness. . . . This inquiry is fact-specific and determined on a case-by-case basis.  Here, Namahoe has shown that the delay was warranted due to his personal circumstances which were, in significant part, generated by [plaintiff's] conduct.

153 Hawaiʻi at 169-170, 528 P.3d at 242-243 (quoting Uyehara, 77 Hawaiʻi at 149, 883 P.2d at 70) (cleaned up).

In In re Cole, we noted that "[w]e believe that a sound rule does not permit an appellant to revive a case decided (final judgment-wise) years before.  An ideal rule promotes finality and sets an easy-to-understand notice of appeal deadline."  154 Hawaiʻi at 32, 543 P.3d at 464 (emphasis added).

34

The important case-by-case, fact-specific determination of when an HRCP Rule 60(b) motion has been filed "within a reasonable time" should not conflict with finality, especially for purposes of HRCP Rule 60(b)'s function as a "tolling motion" pursuant to HRAP Rule 4(a)(3).

Therefore, reading HRCP Rule 60(b)'s clause on finality, and the rule's provision that a motion for reconsideration is timely when filed "within a reasonable time," in pari materia with HRAP Rule 4(a)(1) and (3), we hold that for purposes of serving as a "tolling motion," an HRCP Rule 60(b) motion extends the time in which to file a notice of appeal pursuant to HRAP Rule 4(a)(3), if the motion for reconsideration is filed within thirty days of the entry of judgment.[14]

**B.    The circuit court did not abuse its discretion in denying Petitioners' HRCP Rule 60(b)(6) motion for reconsideration.**

Petitioners assert that the ICA gravely erred in "incorrectly appl[ying] the abuse of discretion standard" when it affirmed the circuit court's denial of Petitioners' HRCP Rule 60(b)(6) motion for reconsideration of the final judgment

---

[14]    This holding is consistent with our precedent on the finality of judgments and preclusion, where this court has reiterated that "under Hawai'i law, there would be no final judgment for claim preclusion purposes unless the time for filing appeals has passed or appeals have been exhausted." Saplan v. U.S. Bank N.A., 154 Hawai'i 181, 189 n.8, 549 P.3d 266, 274 n.8 (2024).  See also James W. Glover, Ltd. v. Fong, 42 Haw. 560, 574 (Terr. 1958) ("[a] judgment is final where the time to appeal has expired without appeal being taken.").

dismissing Count III without prejudice.  Petitioners contend that the circuit court's denial of their motion was "informed by an erroneous view of the law."

On the record before us, we construe the circuit court's denial of Petitioners' HRCP Rule 60(b)(6) motion for reconsideration as based on the absence of new law.  Further, the trial court noted in denying Petitioners' motion that it had considered and applied Reyes-Toledo II's notice pleading standard.  To that extent, we conclude the circuit court did not abuse its discretion in denying Petitioners' motion for reconsideration.

As stated, HRCP Rule 60(b)(6) provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."  HRCP Rule 60(b)(6).  We have held that the purpose of a motion for reconsideration is to allow parties to present new evidence or new arguments that could not have been presented during the earlier adjudicated motion. Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002).  "Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding."  Id. (citation omitted).  The appellant has

36

the burden of establishing abuse of discretion when a court denies an HRCP Rule 60(b) motion, and a strong showing is required.  Pennymac Corp. v. Godinez, 148 Hawai'i 323, 327, 474 P.3d 264, 268 (2020) (quotation and citation omitted).

Reyes-Toledo II reaffirmed our "well-established historical tradition of liberal notice pleading" ensuring citizens' access to justice and our courts.  143 Hawai'i at 262, 428 P.3d at 774.  Our opinion in that case merely added to our liberal notice pleading precedent, upheld "[f]or approximately seventy years[.]"  Id.  Citing to Reyes-Toledo II's publication as the basis of their motion, Petitioners' motion for reconsideration did not present new arguments or new law which could not have been presented earlier in the adjudication.  The circuit court stated that in dismissing Count III of Petitioners' complaint, the court applied the notice pleading standard reaffirmed in Reyes-Toledo II.  Petitioners have not met their burden of a strong showing to establish that the circuit court abused its discretion when there was no new law to be applied by the circuit court.

Therefore, we affirm the ICA's decision in its result only.  Based on our reasoning above, we hold the circuit court did not abuse its discretion in denying Petitioners' motion for reconsideration, insofar as the HRCP Rule 60(b)(6) motion did not present new law for the circuit court to apply.

37

In light of our decision here, the ICA should have reached the merits of Petitioners' appeal contesting the circuit court's granting of the motions for dismissal.  The ICA has appellate jurisdiction to review de novo whether the circuit court erred in granting MLP's and County Respondents' HRCP Rule 12(b)(6) motions to dismiss.  See Reyes-Toledo II, 143 Hawai'i at 257-62, 428 P.3d at 769-74; HRCP Rule 8.

## V.   CONCLUSION

For the foregoing reasons, the ICA's April 12, 2024 Judgment on Appeal is vacated in relevant part, and the case is remanded to the ICA for further proceedings consistent with the opinion.

Lance D. Collins
for petitioners

Kristin K. Tarnstrom
(Kenton S. Werk on the
brief) for respondent
Director of the Department
of Public Works, County of
Maui

Gregory W. Kugle
(David H. Abitol on the
the brief) for respondent
Maui Lani Partners

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Vladimir P. Devens

